IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> JOSEPH CHRISTOPHER BIRDTAIL, <br><br> Defendant/Movant. | Cause No. CR 13-32-GF-BMM <br> CV 16-20-GF-BMM <br><br> ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Birdtail's amended motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Briefly stated, Birdtail makes three claims of ineffective assistance of counsel:

1. He would have proceeded to trial if trial counsel correctly had advised him that his likely advisory guideline range would not be 46 to 57 months, but 168 to 210 months, or 235 to 293 months. Am. § 2255 Mot. (Doc. 77) at 5-6, 13, 17-18.

2. Both his original counsel and counsel at sentencing unreasonably advised against moving to withdraw the guilty plea. Reply (Doc. 84) at 6.

1

3. Counsel at sentencing provided ineffective assistance by failing to object to an overly restrictive condition of supervised release.

## I. Background

On March 25, 2013, Birdtail was indicted on one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(c) (Count 1), and one count of abusive sexual contact, a violation of 18 U.S.C. § 2244(a)(5) (Count 2). Conviction on Count 2 carried a maximum sentence of life in prison. Conviction on Count 1 carried a life maximum and a statutory mandatory minimum sentence of 30 years. *See* 18 U.S.C. § 2241(c). At the time of the indictment, Birdtail had a prior conviction under Montana law for felony sexual assault against a 14-year-old girl. *See* Presentence Report ¶ 46.

The federal indictment arose from allegations that Birdtail penetrated or touched the anus of a fifteen-month-old child in June 2012. The child's mother noticed injuries to the area while changing the child's diaper. Birdtail, who had been watching the child while the mother ran errands, denied any wrongdoing. The child was taken to a hospital, where a nurse found the injuries consistent with sexual abuse. Birdtail underwent a polygraph test in March 2013, with an FBI agent. During the test, he continued to deny having sexually abused the child. Birdtail allegedly told the agent after the test that he had touched the child's anus because he "got the ugly urge." *See* Offer of Proof (Doc. 26) at 3-5; Presentence Report ¶¶ 10-15.

Birdtail moved to suppress his statement to the agent on the ground that it was involuntary. The United States filed a response brief, but the parties reached a plea agreement before a hearing was held. The United States agreed to dismiss Count 1 in exchange for Birdtail's guilty plea to Count 2. *See* Plea Agreement (Doc. 27) at 2-3 ¶¶ 2-3. Birdtail pled guilty in open court on May 16, 2013. *See* Minutes (Doc. 30).

The Court set sentencing for August 27, 2013. See Order (Doc. 31). A presentence report was prepared. In the draft report, the probation officer took into account Birdtail's previous conviction for felony sexual assault and applied U.S.S.G. § 4B1.5(a). The resulting advisory guideline range was 235 to 293 months in prison. When Birdtail received the report, he did not understand "where all of my points were coming from," because, he said, counsel's "calculations for my guidelines was a differential of—it was breathtaking, if I might add. His differential was, like, 20 years." Tr. of Ex Parte Mot. Hr'g (Doc. 76) at 7:17-23.[1] Counsel filed a motion to withdraw. The Court held a hearing on Bulltail's alleged problem with his trial counsel. The Court continued the sentencing date. The Court appointed new counsel to represent Birdtail. *See* Mot. to Withdraw (Doc. 40); Minutes (Doc. 42); Ex Parte Order (Doc. 43); Order (Doc. 44).

---

[1] This hearing was held ex parte and the transcript was filed under seal so that Birdtail and his original counsel could speak freely to the Court without divulging confidential information to the United States.

Sentencing counsel consulted with Birdtail regarding a motion to withdraw the guilty plea, but Birdtail decided to proceed to sentencing. *See* Sentencing Tr. (Doc. 85) at 5:13-6:3. U.S.S.G. § 4B1.5(a) overrode the guideline calculations under chapter 2, 3, and 4A. *See* Presentence Report ¶¶ 21-27; U.S.S.G. § 4B1.5(a)(1)(B)(i), (2)(B). With a three-level reduction for acceptance of responsibility, Birdtail's total adjusted offense level stood at 34, and his criminal history category was V. The advisory guideline range was 235 to 293 months.

The Court sentenced Birdtail to serve 264 months in prison, to be followed by a life term of supervised release. Among other conditions of supervised release, the Court prohibited Birdtail from possessing or viewing "any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v)." Judgment (Doc. 54) at 4 ¶ 5 (Special Condition No. 5).

Birdtail appealed the sentence. The Ninth Circuit affirmed. *See* Mem. (Doc. 63), *United States v. Birdtail*, No. 14-30006 (9th Cir. Mar. 18, 2015). Birdtail timely filed his motion under 28 U.S.C. § 2255 on March 15, 2016. *See* 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The Court appointed habeas counsel to represent Birdtail on July 11, 2016. Order (Doc. 71). Habeas counsel filed an amended motion[2] on October 11, 2016. The United States has filed an answer, and Birdtail has filed a reply.

---

[2] The amended motion supersedes the original motion. *See* Order (Doc. 69) at 2 ¶ 3.

## II. Analysis

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. At this stage of the proceedings, Birdtail must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

### A. Claims 1 and 2

U.S.S.G. § 4B1.5(a)(1)(B) and Birdtail's prior conviction for felony sexual assault, committed against a minor, were the reasons Birdtail's advisory guideline range was 235 to 293 months, rather than the 46 to 57 months that he had expected. Assuming the truth of Birdtail's allegation that counsel did not warn him about the effect of his prior conviction, the merits of Claims 1 and 2 depend on whether a reasonable probability exists that a reasonable person in Birdtail's position, adequately advised about the likely sentence, would have chosen to stand trial rather than pleading guilty. *See, e.g.*, *Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985). The central question turns on whether counsel's advice was "so incorrect and so insufficient that it undermined [the defendant's] ability to make an intelligent decision" to plead guilty instead of going to trial. *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *United States v. Day*, 969 F.2d 39, 43

5

(3d Cir. 1992)).

The United States argues that Birdtail cannot show prejudice from counsel's advice because "what Birdtail is arguing for would actually result in a less favorable outcome for himself," because "he likely would have been convicted of aggravated sexual abuse," that is, Count 1. Answer (Doc. 81) at 16. This argument depends on the United States's belief in the strength of its case rather than the record. The United States's belief is not a good index of the defendant's assessment of the case. The defense has its own view of the credibility of the witnesses, the strength of the evidence, and the overall likelihood of conviction. The fact that Birdtail pled guilty to Count 2 also fails to provide a good index of the likelihood of conviction on Count 1. After all, both parties entered into the plea agreement. For whatever reason, both elected to forego trial on Count 1.

Birdtail's claims require assessment of what Birdtail knew, and what he should have known, when he decided whether to accept the plea offer. As Birdtail points out, a "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that a guilty plea had been involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986), *quoted in* Am. § 2255 Mot. (Doc. 77) at 11; *see also* Am. § 2255 Mot. at 18-19.

Nowhere in his amended motion, or in his reply, however, does Birdtail

contend that either of his two counsel in the underlying criminal proceedings provided him with "erroneous advice on the possible effects of going to trial." The omission proves telling. Even assuming both trial and sentencing counsel unreasonably thought Birdtail might escape the consequences of U.S.S.G. § 4B1.5(a), *see, e.g.*, Reply at 6, Birdtail's allegations do not support an inference that he suffered prejudice.

Birdtail alleges that he "had very little to lose" by moving to withdraw his plea, because he "would be no better or worse off" if the motion had been denied. Am. § 2255 Mot. at 20-21. Birdtail fails to address the consequences if the motion had been granted. Count 1 would have been reinstated if Birdtail had withdrawn his guilty plea. A conviction on Count 1 would have meant a mandatory minimum sentence of thirty years for Birdtail. Even if Birdtail had been acquitted on Count 1 and convicted on Count 2, he well may have lost the three-level reduction for acceptance of responsibility. The loss of this reduction would have left his advisory guideline range at 324 to 405 months. Even assuming that Birdtail had withdrawn his guilty plea, had been re-convicted on Count 2, and somehow managed to obtain the three-level reduction, he would have been no *better* off than the sentence that he received as part of the plea agreement. These factors offer sound reasons for counsel to advise a client not to seek to withdraw a guilty plea.

Birdtail contends in his reply that the record must be developed to show "the

7

advice given by trial and sentencing counsel to Birdtail regarding the advisory guideline range, the viability of a possible motion to withdraw his guilty plea, and various other issues necessary *to confirm* that Birdtail's decision to plead guilty was knowing, intelligent, and voluntary." Reply (Doc. 84) at 2 (emphasis added). This claim falls short of an allegation that either counsel provided Birdtail "erroneous advice on the possible effects of going to trial" on Count 2. *See Iaea*, 800 F.2d at 865.

A motion under § 2255 does not serve to permit a defendant to confirm that he pled guilty voluntarily. It provides a remedy to defendants who would have gone to trial if they had been advised correctly about what they faced. Birdtail has failed to explain why he would have gone to trial. Birdtail simply maintains that "he had nothing to lose but everything to gain." Mot. § 2255 (Doc. 65) at 17, *quoted in* Am. § 2255 Mot. (Doc. 77) at 16. This statement falls short of prejudice in light of the choices faced by Birdtail.

Birdtail has failed to allege that he possessed a realistic chance of acquittal at trial on Count 2. As a result, Birdtail may not show that sentencing counsel's advice to stick with his guilty plea to Count 2 caused him to suffer prejudice. Nothing in the record indicates that Birdtail lost a realistic chance of acquittal on Count 2 by relying on alleged bad advice from counsel to plead guilty.

The Court denies Claims 1 and 2 because Birdtail's allegations fail to

8

support an inference that he suffered prejudice from any bad advice from counsel.

**B. Claim 3**

Regarding Birdtail's third claim, it was not unreasonable for counsel to fail to object to Special Condition No. 5. As the concurring judge pointed out in *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015), the condition "is substantively identical to those that we and our sister courts have affirmed on a number of occasions." *Id*. at 1172 (Smith, M., concurring in the judgment); *see also id*. at 1169-70 (discussing cases).

No need exists to consider whether Birdtail can show prejudice. *See Strickland*, 466 U.S. at 697. For what it may be worth, however, conditions of supervision are generally reviewed for legality before a defendant commences his term. It may be appropriate to modify the condition at that time.

Claim 3 is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A party satisfies the standard if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

9

presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Birdtail's allegations in Claims 1 and 2 appear to meet the relatively low threshold required for issuance of a COA. Birdtail can show unreasonable performance, the first prong of the *Strickland* test, if counsel failed to realize that U.S.S.G. § 4B1.5(a) would apply. Birdtail should be allowed a chance on appeal to demonstrate that his allegations support an inference that a reasonable probability exists that he would have gone to trial instead of pleading guilty if he had received competent advice about his likely sentence. In particular, Birdtail should be allowed to demonstrate how this allegedly ill-advised guilty plea caused him to lose a realistic prospect of acquittal at trial. A COA is warranted.

Claim 3 alleges that counsel was ineffective for failing to object to a special condition of supervised release. Counsel's failure to object was not unreasonable. At the time, the condition was similar to others that had been upheld by appellate courts. Reasonable jurists would find no basis to encourage further proceedings on Claim 3.

Accordingly, **IT IS HEREBY ORDERED**:

1. Birdtail's amended motion to vacate, set aside, or correct the sentence

under 28 U.S.C. § 2255 (Docs. 77, 84) is **DENIED**;

2. A certificate of appealability is **DENIED** as to Claim 3, and **GRANTED** as to Claims 1 and 2.

DATED this 10th day of October, 2017.

_____
Brian Morris
United States District Court Judge